UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRELL FRANCIS BETTIS TRUST and
KIRELL F. BETTIS-TAYLOR,

Plaintiffs,

v.

INTERNAL REVENUE SERVICE (IRS),
K. GREEN, and A. RASCHKE,

Defendants.

No: 1:20-cv-00148-NONE-SKO

<u>ORDER REQUIRING PLAINTIFF TO PAY THE FILING FEE IN THIS ACTION</u>

(Doc. No. 1)

TWENTY-ONE (21) DAY DEADLINE

### I. INTRODUCTION

Plaintiff Kirell F. Bettis-Taylor[1], a state prisoner, is appearing pro se in this civil rights action. On January 29, 2020, plaintiff filed a complaint with the court, but did not file an application to proceed *in forma pauperis* (IFP) nor did he pay the filing fee.

Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner may not proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court

---

[1] Plaintiff's inmate number is T35161. It appears that he uses more than one name, including Kirell Taylor and Kirell Francis Bettis. *See Bettis v. U.S. Dep't of State*, no. 1:19-cv-02802-UNA (D.D.C.) (Oct. 29, 2019) (noting that plaintiff has filed cases using more than one name).

1

takes judicial notice of the following cases[2] filed by plaintiff: *Taylor v. Walsh*, No. 3:05-cv-01147-JSW (N.D. Cal.) (dismissed May 18, 2005 for failure to state a claim upon which relief can be granted); *Taylor v. USA*, No. 2:02-cv-05071-UA-CT (C.D. Cal.) (IFP status denied February 19, 2003 because action legally and factually frivolous)[3]; *Bettis v. Tillie-Moore*, No. 2:09-cv-00788-UA-CT (C.D. Cal) (IFP status denied February 11, 2009 as legally and factually frivolous); *Bettis v. Paulson*, No. 2:09-cv-01544-UA-CT (C.D. Cal.) (IFP status denied April 13, 2009 because action legally and factually frivolous); *Taylor v. Blackstone*, No. 1:08-cv-01561-AWI-GSA (E.D. Cal.) (dismissed September 11, 2009 for failure to state a claim); *Bettis v. Clinton*, No. 2:10-cv-00682-UA-DUTY (C.D. Cal.) (IFP status denied March 1, 2010 for, among other things, failure to state a non-frivolous claim). These cases were final prior to the date plaintiff filed this action. *Silva v. Di Vittorio*, 658 F.3d 1090, 1098–1100 (9th Cir. 2011).

Because plaintiff had at least three strike dismissals under § 1915(g) prior to the date he filed this action, he may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Under the law of this circuit, a plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar *in forma pauperis* status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). Here, plaintiff preemptively alleges in his complaint that he "has been threaten [sic] by officers with physical violence." (Doc. 1 at 23.) For the reasons set forth below, however, the court finds that plaintiff does not qualify for relief under the imminent danger exception.

/////

/////

---

[2] This court may take judicial notice of its own records and the records of other courts. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also* Fed. R. Evid. 201.

[3] "[W]hen a district court disposes of an in forma pauperis complaint on the grounds that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted, such a complaint is dismissed for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (internal citation and quotations omitted)

## II. DISCUSSION

**A. Legal Standard**

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d at 1053. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g) . . . ."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally,

> the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of section 1915(g). In deciding whether such a nexus exists, [a court] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis].

*Stine v. Fed. Bureau of Prisons*, no. 1:13–CV–1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)). In making the imminent danger determination the court must liberally construe plaintiff's allegations. *Cervantes*, 493 F.3d at 1055.

**B. Analysis**

The court has carefully reviewed plaintiff's complaint and finds that it does not contain "plausible allegations" that he "faced 'imminent danger of serious physical injury' at the time of

filing." *Id*. at 1055 (quoting 28 U.S.C. § 1915(g)).  Although somewhat unclear, the complaint, in pertinent part, purports to assert claims for "excessive force" and "cruel and unusual punishment" against K. Green and A. Raschke, correctional officers at Corcoran State Prison, for having allegedly retaliated against plaintiff in September 2019 for pursuing a complaint against a nurse employed at the Prison.[4]  (Doc. 1 at 1, 22, 23.)  With respect to "imminent danger," plaintiff alleges that he "presently face[s] additional imminent danger of physical serious injury or death at the hands of correctional officers after [he] was physically abused on September 10, 2019" by K. Green and A. Raschke, and that he has been "threaten [sic] by officers with physical violence because [he] refuse[s] to withdraw [his] staff complaint."  (*Id*. at 19, 23.)

As noted above, however, the availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d 1047, 1053.  While the court does not seek to minimize the alleged events from which plaintiff's claims arise, those events nonetheless occurred in September 2019, and there are no allegations in the complaint that would support a finding that plaintiff, at the time he filed suit on January 29, 2020, was then under imminent danger of serious physical injury.  Moreover, plaintiff's claims arise from actions taken by prison officials at Corcoran State Prison, yet plaintiff had been transferred to California Correctional Institution in Tehachapi, California, <u>before this action was initiated</u>.  (*See* Doc. 1 at 23.)  Because at the time of filing plaintiff was incarcerated, and continues to be incarcerated, at a different institution, nothing in the factual allegations of his complaint raises a reasonable inference that he was facing imminent danger of serious physical injury at the time that he initiated this action.  *See Williams v. Passini,* No. 2:17-cv-01362 KJM CKD P, 2018 WL 4215972, at *3–4 (E.D. Cal. Sept. 5, 2018); *Granda v. Jensen*, No. ED CV 18-426-CAS (PLA), 2018 WL 6163113, at *3 (C.D. Cal. Apr. 24, 2018).  Plaintiff's bald, unverified assertion in his complaint that he is presently in imminent danger not only lacks

---

[4] Plaintiff also alleges in his complaint that he has paid billions of dollars to named defendant the Internal Revenue Service ("IRS") for the benefit of the United States Treasury and the State of California by an ancient document that he discovered and caused $850 billion dollars in credit to be transferred to his trust.  He contends that the IRS has not paid the funds to the Treasury or the State and that he is owed a refund of his taxes.

4

the requisite plausibility, *Andrews*, 493 F.3d at 1055–57, but it does not negate the fact that the complaint asserts claims arising only from the alleged past use of excessive force at a facility where plaintiff is no longer being held, an event that cannot and does not satisfy the imminent danger exception to § 1915(g), *id*. at 1053. *See Stine*, 2015 WL 5255377, at *3.

### III.  CONCLUSION

Because plaintiff has, while incarcerated, accumulated more than three dismissal "strikes" pursuant to 28 U.S.C. § 1915(g), and he has failed to present a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint in this case, he is not entitled to proceed *in forma pauperis* in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

Accordingly, IT IS HEREBY ORDERED that within twenty-one (21) days of the date of service of this order, plaintiff shall pay the $400.00 filing fee in full. Plaintiff is advised that failure to pay the full filing fee in compliance with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated:  **February 18, 2020**

UNITED STATES DISTRICT JUDGE

5