UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL FRANCIS BETTIS TRUST and KIRELL F. BETTIS-TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE (IRS), K. GREEN, and A. RASCHKE,<br><br>Defendants. | No: 1:20-cv-00148-NONE-SKO<br><br><u>ORDER DISMISSING CASE FOR FAILURE TO OBEY COURT ORDER, DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S NAME ON THE DOCKET; AND DIRECTING CLERK OF COURT TO CLOSE CASE</u><br><br>(Doc. Nos. 3, 4, 5, 7, 9)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff Kirell F. Bettis-Taylor[1], a state prisoner, is appearing pro se in this civil rights action. On January 29, 2020, plaintiff filed a complaint with the court, but did not file an application to proceed *in forma pauperis* (IFP) nor did he pay the filing fee.

On February 18, 2020, the court, having concluded that plaintiff is subject to the three strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and that he failed to satisfy the imminent danger exception contained within that provision, ordered plaintiff to pay the $400.00 filing fee in full. (Doc. No. 3.) Plaintiff was advised that failure to pay the full filing fee in compliance with this order would result in this action being dismissed. (*Id*. at 5.)

---

[1] Plaintiff's inmate number is T35161. It appears that he uses more than one name, including Kirell Taylor and Kirell Francis Bettis. *See Bettis v. U.S. Dep't of State*, no. 1:19-cv-02802-UNA (D.D.C.) (Oct. 29, 2019) (noting that plaintiff has filed cases using more than one name).

1

1 | The February 18, 2020 Order was served on plaintiff by U.S. Mail.

Rather than pay the filing fee, plaintiff has submitted two additional motions to proceed in forma pauperis, both of which indicate that he presently is facing imminent danger of serious physical injury because he refuses to withdraw a staff complaint about an alleged excessive force incident that is mentioned in (although not obviously connected to the primary issues raised in) his complaint. (Docs. No. 4 & 5.) Neither motion articulates "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff has also filed a request for appointment of counsel. (Doc. No. 9.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation and internal quotation marks omitted). The court will not order appointment of pro bono counsel in this case. To the extent the complaint is even comprehensible, plaintiff appears to be asserting that the Internal Revenue Service owes him many hundreds of billions of dollars. The claims are far-fetched, implausible, and not grounded in reality or law. As a result, the court declines to appoint pro bono counsel.

Finally, to avoid any prison mail issues, plaintiff requests that his name be modified in the record to reflect his full name: Kirell F. Bettis-Taylor. (Doc. No. 7.) This request is GRANTED, and the Clerk of Court is directed to modify the docket accordingly.

/////

## ORDER

In sum, plaintiff has been warned that he must pay the $400.00 filing fee or face dismissal of this case. He has failed to pay the fee by the relevant deadline. Therefore, his case is DISMISSED for failure to obey a court order. The Clerk of Court is directed to modify the docket to reflect plaintiff's full name, Kirell F. Bettis-Taylor. The Clerk of Court is further directed to assign a district judge to this case for the purposes of closure and to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **March 26, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE