1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRELL FRANCIS BETTIS TRUST and
KIRELL F. BETTIS-TAYLOR,

            Plaintiffs,

    v.

INTERNAL REVENUE SERVICE (IRS),
K. GREEN, and A. RASCHKE,

            Defendants.

No: 1:20-cv-00148-NONE-SKO

ORDER DENYING MOTION FOR RELIEF
FROM JUDGMENT

(Doc. No. 12)

Plaintiff Kirell F. Bettis-Taylor[1], a state prisoner, is appearing pro se in this civil rights action. On January 29, 2020, plaintiff filed a complaint with the court, but did not file an application to proceed *in forma pauperis* nor did he pay the filing fee.

On February 18, 2020, the court, having concluded that plaintiff is subject to the three strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and that he had failed to satisfy the imminent danger exception contained within that provision, ordered plaintiff to pay the $400.00 filing fee in full. (Doc. No. 3.) Plaintiff was advised that his failure to do so in compliance with the court's order would result in this action being dismissed. (*Id.* at

---

[1] Plaintiff's inmate number is T35161. It appears that plaintiff has used more than one name, including Kirell Taylor and Kirell Francis Bettis. *See Bettis v. U.S. Dep't of State*, no. 1:19-cv-02802-UNA (D.D.C.) (Oct. 29, 2019) (noting that plaintiff has filed cases using more than one name).

1    5.)  The February 18, 2020 Order was served on plaintiff at his then address of record by U.S.

2    Mail.

3         Rather than pay the filing fee, plaintiff submitted two motions to proceed *in forma*

4    *pauperis*, both of which asserted that he was then facing imminent danger of serious physical

5    injury because he refused to withdraw a staff complaint about an alleged excessive use of force

6    incident that is mentioned in (although not obviously connected to the primary issues raised in)

7    his complaint.  (Docs. No. 4 & 5.)  Because plaintiff had failed to pay the filing fee after having

8    been warned that failure to do so would result in dismissal of this action and because neither of

9    his subsequently filed applications to proceed *in forma pauperis* articulated "specific fact

10   allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

11   likelihood of imminent serious physical injury," *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.

12   2003), the court dismissed this action due to plaintiff's failure to obey a court order on March 27,

13   2020.  (Doc. No. 11.)  At the same time, the court also denied plaintiff's request for appointment

14   of counsel, reasoning that appointment of counsel was inappropriate in light of the nature of

15   plaintiff's claims, which the court described as "far-fetched, implausible, and not grounded in

16   reality or law."  (*Id*. at 2.)

17        On May 10, 2020, plaintiff filed the pending motion for relief from judgment.  Federal

18   Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court and

19   permits a district court to relieve a party from a final order or judgment on grounds of:  "(1)

20   mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

21   fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or

22   (6) any other reason justifying relief from the operation of the judgment."  A motion under Rule

23   60(b) must be made within a reasonable time, in any event "not more than one year after the

24   judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(c)(1).  Moreover, when

25   filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or

26   different facts or circumstances claimed to exist which did not exist or were not shown upon such

27   prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed

28   to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

                                              2

Plaintiff indicates that he did not receive the court's order requiring him to pay the required filing fee to proceed with this action due to an apparent problem with his legal mail. (Doc. No. 12.)  Assuming for the sake of this order, without deciding, that the court would have excused plaintiff's late submission of his filing fee for this reason, plaintiff has <u>still</u> not attempted to pay the required filing fee in any meaningful way.  Rather, plaintiff merely claims to have made attempts to secure the $400.00 from persons outside his institution of incarceration but admits that he has been unable to do so.  (*Id*. at 2.)  He also claims to have sent a "surety bond" to the court on March 26, 2020.  The court has no record of any such document having been filed with or received by this court.  Even if such a "surety bond" had been received by the court, this would not have constituted proper payment of the filing fee.  *See* Local Rule 135 (g)(4) (requiring payment by credit card for all electronically filed documents but permitting payment by check or money order in certain circumstances).

Finally, plaintiff asserts that the court should reconsider its prior order requiring him to pay the filing fee and denying appointment of counsel on his behalf in part, according to plaintiff, because the court mistakenly construed the nature of his complaint.  (Doc. No. 12 at 2-6.)  In its March 27, 2020 order, the court interpreted plaintiff's complaint as asserting that the Internal Revenue Service owed plaintiff many hundreds of billions of dollars.  (Doc. No. 11 at 2.) Plaintiff now attempts to describe his claims differently, instead asserting that he "clearly claims the gross income accrued to plaintiff KIRELL FRANCIS BETTIS TRUST for the 2014-2019 taxable years totals: $347,390,343,333.000," among other things.  The court has carefully reviewed plaintiff's submission and concludes that nothing therein changes the ultimate conclusions set forth in the court's March 27, 2020 order of dismissal; namely (1) that plaintiff is subject to the three strikes provision of the PLRA, 28 U.S.C. § 1915(g), due to the qualifying dismissal of prior lawsuits filed by him, and (2) that appointment of counsel on his behalf is not appropriate here.

<u>CONCLUSION</u>

In sum, plaintiff was warned on February 18, 2020 that he must pay the $400.00 filing fee or face dismissal of this case.  Assuming, for purposes of this order only, that plaintiff did not

timely receive the court's February 18, 2020 order, he has clearly been advised and known of the requirement that he pay the filing fee to pursue this action since late March 2020, when he began to seek assistance from someone to help him pay that required filing fee.  Plaintiff has still, nonetheless, failed to pay the fee.  To the extent plaintiff was awaiting ruling on his motion for reconsideration of the court's order requiring him to pay the fee, that motion for reconsideration (Doc. No. 12) is DENIED.

Out of an abundance of caution, plaintiff will be afforded one final opportunity to pay the required $400.00 filing fee.  He must do so by an appropriate method of payment within fourteen days of the date of this order.  Unless the filing fee has been received by that date, this case shall remain closed.

IT IS SO ORDERED.

Dated:   **April 26, 2020**

_____
UNITED STATES DISTRICT JUDGE